UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALGER M. POTTER, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-03-2127 |
| MARY LOU SHOWALTER, ET AL., | : (Judge Kosik) |
| Defendants | : |

**M E M O R A N D U M**

**Introduction**

Halger M. Potter originally filed this civil rights action on November 24, 2003, pursuant to 42 U.S.C. § 1983, naming various officials and employees at the State Correctional Institution at Huntingdon (SCI-Huntingdon) as defendants. In the complaint, he raised a plethora of claims against numerous defendants. Potter is currently confined at SCI-Huntingdon. During the course of this protracted litigation, Potter has filed several amended complaints in an effort to overcome violations of Federal Rules of Civil Procedure 8 and 20(a). On July 27, 2004, the court accepted an amended complaint filed by Potter on July 23, 2004 (Doc. 38), as the standing complaint in this action. With regard to this amended complaint, however, it was directed that only those claims which alleged food tampering with Potter's food would proceed,

as all other claims contained in the amended complaint would be dismissed pursuant to Federal Rule of Civil Procedure 20(a). It was further directed that all defendants in this action with the exception of Defendants Killinger, Hoffman, Oively, Cherry, Oaks, Nicklow and Weakland would be dismissed. Thus, the court presently proceeds on only the food tampering claims, as set forth in the standing amended complaint and specified in this court's Memorandum and Order of July 27, 2004. (Doc. 39.)

Presently pending is defendants' motion for summary judgment. (Doc. 51.) This motion is fully briefed and will be addressed herein. Also pending is a document entitled "Plaintiff's Motion to Dismiss Clerk's Motion for Summary Judgment" (Doc. 64). This motion will be denied due to the fact that this exact document has been previously filed by plaintiff on September 28, 2004 and interpreted by the court as plaintiff's brief in opposition to defendants' motion for summary judgment. Due to what appears to be a docketing error, the same document was docketed a second time on October 8, 2004, as a motion.

**Background**

The existing claims in this case are as follows. Plaintiff contends that defendant officials and employees at SCI-Huntingdon illegally contaminated his food on several occasions with "poison" which result in his experiencing severe pain. He specifically references four (4) different dates when the alleged food tampering occurred. The first incident took place on July 9, 2004, when he claims that defendant J. Killinger illegally contaminated his food tray with "germ substances." (Doc. 38, Amended Cmpl. at 2.) He further alleges that several days prior

to this episode, on July 1, 2004, defendant D. Hoffman[1] had placed "lethal substances" on his tray and continues to do so on a daily basis. (Id.) On the same date, Potter contends that defendants L.L. Oively openly admitted ". . . to ruining his food rations twice a day," and defendant Cherry poisoned his food. (Id. At 3.) Later on in the amended complaint, Potter sets forth similar allegations against defendants J.A. Oaks and J.A. Nicklow when he contends that said defendants maliciously and in retaliation contaminated his food tray on February 1, 2004. (Id. at 6-7.) From June 5, 2003 through August 8, 2003, Potter also claims that defendant Tim Weakland contaminated his food trays with lethal germ substances.

On September 17, 2004, defendants filed a motion for summary judgment in this case. (Doc. 51.) A brief in support of the motion, statement of material facts and supporting documents were also filed on the same date. (Docs. 51, 52.) On September 28, 2004, plaintiff filed an opposing brief. (Doc. 59.) Several days prior to this filing, Potter submitted copies of inmates grievances (Doc. 57) which will be construed to be exhibits in support of his opposing brief. No opposing statement of material facts has been filed. Following the filing of defendants' motion for summary judgment, Potter also submitted several miscellaneous documents entitled "Affidavits." (Docs. 67-69, 71-72, 74-76 and 80.) These documents are not sworn affidavits but rather self-serving narrative writings by Potter in support of his claims. Some of the filings, however, contain copies of grievances he has filed and these portions of the documents will be considered by the court as part of Potter's opposition to the pending

---

[1] Defendants state that the correct spelling of this defendant's name is Coffman.

motion for summary judgment.[2]

**Standard**

The court will consider defendants' motion under the well-established standard applicable to summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. 56; see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).  The moving party, however, has no burden to negate or disprove matters on which the nonmoving party will have the burden of proof at trial.  The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.  See Celotex Corp., 477 U.S. at 325. After such a showing has been made, the burden then shifts to the opposition to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The evidence need not be in a form that would be admissible at trial. Celotex, 477

---

[2] Defendants move for summary judgment on the basis that Potter has failed to exhaust his available administrative remedies.  As such, the grievances submitted by Potter will be considered by the court as part of his opposition in deciding the motion.

U.S. at 324. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus., 475 U.S. at 586. Further, a plaintiff may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The nonmoving party must raise "more than a scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247. In determining whether there exists a material issue of disputed fact, however, the facts and the inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. Pollock v. American Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986). Yet, the court must determine whether the nonmoving party has met its burden. In doing so, the court must focus on both the materiality and the genuineness of the factual issues raised by the nonmovant. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

5

requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. In addition to being genuine, the disputed facts must be material, as determined by the substantive law. Anderson, 477 U.S. at 248. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id.

**Discussion**

Defendants submit a statement of material facts which sets forth the following. Plaintiff's food tampering claims occurred on dates between June 2003 and July 2004. From November 30, 2001 through December 15, 2003 and December 22, 2003 through June 1, 2004, and July 1, 2004 through the present Potter has been incarcerated at SCI-Huntingdon. From June 1, 2004 through July 1, 2004 he was temporarily confined at SCI-Waymart. According to defendants, Potter has failed to exhaust his available administrative remedies with regard to his food tampering claims. In support of their argument, defendants submit the declaration of Diana Baney, Superintendents Assistant at SCI-Huntingdon. (Doc. 51, Ex. 1, Baney Decl.) Among her duties is the position of Facility Grievance Coordinator for Initial Review of inmate grievances filed by inmates pursuant to Department Policy DC-ADM 804, entitled "Inmate Grievance System". This system provides a three step administrative grievance appeal process to resolve issues relating to an inmate's incarceration.

As of August 26, 2004, Potter has filed a total of 87 grievances. Of that number, 32 of the grievances were in regard to food. Since June 2003, 24 grievances were filed regarding food issues, and all were denied or rejected. (Doc. 51, Ex. 1, Baney Decl. at ¶ 18, Ex. B.)

6

Grievances related to food for which no initial response was given were rejected for various reasons and not processed, therefore they never received an initial response. (Id., Ex. 1, Baney Decl. at ¶ 19.)  Initial review responses to grievances No. 81452 and 64084 only, were appealed to the second step in the grievance review process.  No appeals were taken to the denials of any other food related grievances.  Grievances 81452 and 64084 were not appealed to the third step and all other grievances were not appealed beyond the initial response. (Id., Ex. 1, Baney Decl., Ex. B.)  Thus, defendants argue that only two food tampering grievances were appealed to the second tier of review, and neither of these two grievances appealed to the third tier of available review, the Secretary's Office of Inmate Grievances and Appeals.  They contend they are entitled to an award of summary judgment pursuant to 42 U.S.C. § 1997e(a) which requires exhaustion of all available administrative remedies before filing a prison conditions case under Section 1983.

>Section 1997(e) of Title 42 U.S.C. provides:

>>No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through a grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison

life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("Congress has provided in § 1997e(a) that an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues").  Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to § 1983 or any other federal law.  The Third Circuit Court of Appeals has concluded that "it is beyond the power of this court ... to excuse compliance with the exhaustion requirement."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).  However, compliance with the administrative remedy scheme will be satisfactory if it is substantial.  Id. at 77-78.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System.  DC-ADM 804 (effective May 1, 2002, and DC-804-01 effective February 5, 2004) (Doc. 51, Baney Decl., Ex. A.)  Pursuant to 804, inmates must first file grievances with their institution's Grievance Coordinator.  If a grievance is rejected, it may be resubmitted under the same grievance number within five working days.  If the inmate is unsatisfied with the initial review provided by the Grievance Coordinator, or the rejection of their grievance, they are permitted to file an appeal of the decision with the Institution's Facility Manager (Superintendent).  Upon receiving a decision from the Superintendent, inmates are permitted Final Review through the Chief Grievance Coordinator at the Secretary's Office on Inmate Grievances and Appeals.  (Id., Baney Decl. at ¶ 13.)  A prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally

available from a court." (Id., Ex. A, 804, VI, A.1.d.) Furthermore, although grievances must be submitted for initial review to the Facility/Regional Grievance Coordinator within fifteen (15) days after the events upon which the claims are based, extensions of time for good cause "will normally be granted if the events complained of would state a claim of a violation of a federal right." (Doc. 51, Baney Decl. at Ex. A, VI A 9(e) and (f)). In exhausting his claims, an inmate must avail himself of all three stages of the administrative process. Booth, 532 U.S. at 735. Further, it is well established that the exhaustion process must be completed prior to the time an inmate files his civil action with the court, not while the suit is pending. See Ahmed v. Sromovski, 103 F.Supp.2d 838, 843-44 (E.D. Pa. 2000).

Defendants maintain that no disputed issue of material fact exists with regard to whether Potter has exhausted his available administrative remedies with respect to the claims remaining in this action. Of all the food tampering grievances he filed during the relevant time period, June 5, 2003 through July 9, 2004, only the initial responses to two grievances, No. 81452 and No. 64084, were appealed to the second level of required review. No appeals were taken to the second level of any of the other grievances that were either denied or rejected. No appeals from No. 81452 and No. 64084 were pursued to the final level of appeal. As such, according to the evidentiary materials submitted by defendants, Potter has failed to exhaust his administrative remedies and summary judgment is warranted in favor of defendants.

In opposing the summary judgment motion, Potter does not submit an opposing statement of material facts as required by M.D. Pa. Local Rule 56.1. As such, the material

9

facts as set forth defendants' statement will be deemed admitted.  In reviewing the brief and multiple exhibits submitted by Potter in opposition to the summary judgment motion, it is clear that no disputed issues of material fact are created in this case with regard to whether Potter exhausted his available administrative remedies regarding the existing food tampering claims.

In his opposing brief, Potter devotes much time debating the merits of his food tampering claims, as well as other claims which are not presently before the court.  He speaks generally about grievances and appeals he has allegedly pursued but does not set forth specifics or evidence in support of what issues were raised in the grievances and what appeals, if any, were pursued with regard to said grievances.[3]  While Potter does submit copies of various grievances he has filed during his incarceration, many of these grievances were filed after the date of the standing amended complaint in this action.[4]  In addition, there is no evidence that even these grievances were fully exhausted through each level of the inmate grievance system.

Potter also randomly submits numerous documents entitled "Affidavits" following defendants' filing of their motion for summary judgment in this case.  Some of these documents address issues not before the court such as retaliation or medical issues, as well as food tampering claims allegedly arising following the filing of the amended complaint.  Potter also

---

[3] In fact, Potter claims to have copies of documentary evidence supporting his exhaustion efforts, but yet fails to attach the relevant copies.

[4] In their reply brief, defendants point out that the seven grievances Potter submits as exhibits (Docs. 57) are dated September of 2004 while the standing amended complaint in this action was filed July 23, 2004.

10

contends that Grievance Coordinator Baney was "uncooperative" in processing his grievances however he neither submits any support for his claim nor demonstrates that he filed any appeals from Baney's alleged failure to either respond to his grievances or her rejection of the grievances. Potter also submits additional copies of grievances he has filed, however these grievances relate to issues arising following the filing of the amended complaint in this case.[5]

Based upon the entire record, there does not appear to be any dispute as to whether Potter has exhausted his available administrative remedies with regard to the food tampering claims presently before the court. Potter has not come forth with any evidentiary materials suggesting that he filed grievances with regard to these specific food tampering claims and that said grievances were appealed through the final level of review with the Secretary's Office of Inmate Grievances and Appeals. Accordingly, defendants' motion for summary judgment will be granted. An appropriate Order follows.

---

[5] For example, in Document 80, Potter attaches grievances from September and December of 2004 as well as January of 2005. In Document 72, he attaches grievances from October 27, 2004.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HALGER M. POTTER,<br>    Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 3:CV-03-2127<br>: |
| MARY LOU SHOWALTER, <u>ET</u> <u>AL</u>..,<br>    Defendants | : (Judge Kosik)<br>: |

## O R D E R

**NOW, THIS 16th DAY OF AUGUST, 2005,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's "Motion to Dismiss Clerk's Motion for Summary Judgment" (Doc. 64) is denied in accordance with the attached Memorandum.

2. Defendants' Motion for Summary Judgment (Doc. 51) is granted. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff on all claims remaining in this action. Any and all remaining pending motions are denied as moot.

3. The Clerk of Court is directed to close this case.

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                             s/Edwin M. Kosik
                             United States District Judge